| | | |
|---|---|---|
| CAROLYN BROWN t/u/o & t/o/u<br>ALLSTATE INSURANCE CO.<br>PO BOX 29500<br>ROANOKE VIRGINIA 24018<br><br>　　　　Plaintiffs<br><br>v.<br><br>HOME DEPOT<br>s/o R/A    Home Depot USA, Inc.<br>　　　　2455 Paces Ferry Road SE<br>　　　　Atlanta Georgia 30339-4024<br><br>　　　　Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | IN THE<br><br>CIRCUIT COURT<br><br>OF MARYLAND<br><br>FOR<br><br>BALTIMORE COUNTY<br><br>CASE NO. C-13-5671 |

## COMPLAINT

CAROLYN BROWN, t/u/o and t/o/u ALLSTATE INSURANCE COMPANY, Plaintiffs, by and through their attorneys, FratusBrady, LLC and Charles J. Fratus, sues the Defendant, HOME DEPOT, and for its cause of action states as follows:

## FACTS COMMON TO ALL COUNTS

1. The subject matter of this complaint is a subrogation to recover sums paid out by the Plaintiff pursuant to its insurance policy. These sums were paid to repair damage to the structure and contents of the home insured, that was caused by a dehumidifier that overheated and caught fire, and the negligence of Defendant, Home Depot.

2. At all times relevant to this action, the Plaintiff, Carolyn Brown, is the lawful owner of a residence located at 4805 Hawksbury Road, Pikesville, Maryland (hereinafter "Residence").

3. At all times relevant to this action, the Plaintiff, Carolyn Brown, is a legal resident of Baltimore County, Maryland.

4. At all times relevant to this action, the Defendant, Home Depot, is a company licensed to do business in the State of Maryland and maintains its principal place of business in Atlanta, Georgia.

5. At all times relevant to this action, the Defendant, Home Depot, is engaged in and doing business in the State of Maryland, in that it sells dehumidifiers to members of the general public, including persons residing in the State of Maryland.

6. That sometime before July 26, 2012, the Plaintiff purchased a continuous run dehumidifier from the Defendant, Home Depot. That this subject dehumidifier is between 3 and 4 years old.

7. That on or around July 26, 2012, the dehumidifier overheated and burned and caused a fire that caused significant fire, smoke, and water damage to the structure and contents to the Plaintiff's residence.

8. The Plaintiff, Carolyn Brown, had in effect a policy of insurance with Allstate Insurance Company; that Allstate joins herein to protect its subrogated interest in this matter for property damage to the structure and contents of Carolyn Brown's home in the amount of $117,305.83.

## COUNT ONE
## BREACH OF IMPLIED WARRANTY

9. The Plaintiff re-alleges and incorporates all the allegations contained in paragraphs 1-8 as if fully set forth herein.

10. At the time of the sale, the dehumidifier sold to the Plaintiff was neither merchantable nor fit for its intended purpose. The non-conformity of the dehumidifier to these implied warranties is the direct and proximate cause of the damage to the Plaintiff's residence described herein.

11. The non-conformity of the dehumidifier to the foregoing implied warranties could not have reasonably been discovered by the Plaintiff at the time, nor after, the purchase of the dehumidifier, and not before the dehumidifier malfunctioned.

12. As a direct and proximate result of the Defendant, Home Depot's breach of implied warranties, the Plaintiff incurred significant and substantial property damage. The Plaintiff asserts that all of this loss, fire, smoke, and water damage was the direct result of the Defendant, Home Depot's breach of implied warranties, with no want of due care on the Plaintiff's part contributing thereto.

**WHEREFORE**, Carolyn Brown and Allstate Insurance Company demand a judgment against the Defendant, Home Depot, in the amount of $117,305.83.

## COUNT TWO
## NEGLIGENCE

13. The Plaintiff re-alleges and incorporates all the allegations contained in paragraphs 1-12 as if fully set forth herein.

14. That the Defendant, Home Depot, was negligent and breached various duties owed to the Plaintiff, in failing to warn the Plaintiff that the dehumidifier could malfunction, for failing to exercise ordinary care in allowing a defective product to enter the stream of commerce, for failing to take proper precautions to avoid the malfunction of the dehumidifier, for failing to take such other further action to avoid the malfunction of the dehumidifier, and for failing to avoid the malfunction aforementioned when, in the exercise of due care and caution, it could have and should have done so, and the Defendant, Home Depot, was in other ways careless, reckless, and negligent.

15. That as a direct and proximate result of the malfunctioning dehumidifier and negligence of the Defendant, HOME DEPOT, the Plaintiff incurred significant, substantial and

permanent property damage. The Plaintiff asserts that all of this loss, fire, smoke, and water damage was the direct result of the negligence of the Defendant, Home Depot, and the defective dehumidifier, with no want of due care on the Plaintiff's part contributing thereto.

**WHEREFORE**, Carolyn Brown and Allstate Insurance Company demand a judgment against the Defendant, Home Depot, in the amount of $117,305.83.

---

Charles J. Fratus
721 Melvin Ave.
Annapolis, Maryland 21401
410.295.7100
Attorney for Plaintiff